

RENDERED: SEPTEMBER 24, 2020
TO BE PUBLISHED

DATE 10-15-2020

# Supreme Court of Kentucky

## 2020-SC-0013-WC

PORTER SLAUGHTER        APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2018-CA-1667-WC
WORKERS' COMPENSATON BOARD
NO. 97-WC-71438

TUBE TURNS;        APPELLEES
HON. DOUGLAS W. GOTT, CHIEF
ADMINISTRATIVE LAW JUDGE; DANIEL
CAMERON (FORMERLY ANDY BESHEAR),
KENTUCKY ATTORNEY GENERAL; AND
WORKERS' COMPENSATION BOARD

### OPINION OF THE COURT BY JUSTICE NICKELL

### AFFIRMING

Porter Slaughter appeals from a Court of Appeals Opinion and Workers'

Compensation Board ("Board") decision affirming the determination of the Chief

Administrative Law Judge ("CALJ") denying a motion to reopen his workers'

compensation claim as time barred under the 2018 amendment to KRS[1]

342.125(3). We affirm.

---

[1] Kentucky Revised Statutes.

While employed by Tube Turns on March 27, 1996, Slaughter incurred a work-related injury to his right shoulder. On April 8, 1997, he incurred another work-related injury, this time affecting his left shoulder, chest, and neck. The two claims were consolidated, and a settlement agreement was approved on November 27, 1997. Income benefits were paid for Slaughter's right shoulder injury, but no mention of the left shoulder injury appeared in the settlement agreement. Slaughter remained entitled to medical treatment for the left shoulder and did not waive medical expenses.

In 1999, Slaughter moved to reopen the left shoulder claim. The motion was denied as untimely under the then-current version of KRS 342.125(3). A 2001 motion to reopen was denied on the same grounds. After undergoing left shoulder surgery, Slaughter filed another motion to reopen on November 2, 2016. Slaughter was awarded medical expenses related to the surgery and temporary total disability ("TTD") benefits from the date of filing the motion to reopen through March 30, 2017.

On July 10, 2018, Slaughter once again moved to reopen the left shoulder claim, asserting he was entitled to income benefits based on a recent left shoulder surgery and resulting increased impairment. Tube Turns objected to reopening, contending recent amendments to KRS 342.125(3)[2] prohibited

---

[2] KRS 342.125(3), as amended in 2018, states in pertinent part:

> no claim shall be reopened more than four (4) years following the date of the original award or <u>original</u> order granting or denying benefits, <u>when such an award or order becomes final and nonappealable</u>, and no party may file a motion to reopen within one (1) year of any previous motion to reopen by the same party. <u>Orders granting or denying</u>

reopening more than four years after an original award. Citing *Hall v. Hospitality Resources, Inc.*, 276 S.W.3d 775 (Ky. 2008), Slaughter asserted his recent award of medical expenses and TTD benefits related to his left shoulder surgery acted to extend the limitations period contained in the statute and, therefore, the current motion was not untimely.

The CALJ agreed with Tube Turns and denied the motion. The Board affirmed, and Slaughter appealed. In affirming the Board, the Kentucky Court of Appeals, concluding *Hall* had been superseded by the 2018 amendment to KRS 342.125(3), held motions to reopen must be filed within four years of the original order granting or denying benefits and subsequent orders or awards did not act to extend the limitations period. Further, the Court of Appeals held in enacting KRS 342.125(8)[3], the General Assembly expressly declared the 2018 amendment to KRS 342.125(3) was to be retroactively applied. Finally,

---

benefits that are entered subsequent to an original final award or order granting or denying benefits shall not be considered to be an original order granting or denying benefits under this subsection and shall not extend the time to reopen a claim beyond four (4) years following the date of the final, nonappealable original award or original order.

(Emphasis added to indicate language added by amendment.)

[3] A new section, KRS 342.125(8) states:

The time limitation prescribed in this section shall apply to all claims irrespective of when they were incurred, or when the award was entered, or the settlement approved. However, claims decided prior to December 12, 1996, may be reopened within four (4) years of the award or order or within four (4) years of December 12, 1996, whichever is later, provided that the exceptions to reopening established in subsections (1) and (3) of this section shall apply to these claims as well.

3

although Slaughter had raised a constitutional challenge to the amended statute before the Board,[4] the Court of Appeals noted he did not pursue that avenue of attack on appeal, and thus no further comment on the issue was warranted. This appeal followed.

Before this Court, Slaughter attempts to revive his constitutional challenge to the 2018 amendment. However, because he failed to raise such a challenge in the Court of Appeals, the issue is not properly before us. *Holcim v. Swinford*, 581 S.W.3d 37, 44 (Ky. 2019). In addition, Slaughter failed to follow the mandates of KRS 418.075 in timely notifying the Attorney General of a constitutional challenge to the statute. Slaughter cannot now raise an abandoned theory of error and we decline his invitation to address the matter.

Finally, Slaughter asserts his motion to reopen was timely as it was filed within four years of the award granting him medical expenses and TTD benefits, again relying on *Hall*. In *Hall*, this Court opined the phrase "original award or order granting or denying benefits" contained in the then-current version of KRS 342.125(3) "was intended to encompass orders granting benefits other than the 'original award[.]'" 276 S.W.3d at 784-85. It is this language upon which Slaughter relies without discussing or acknowledging the amended statutory provisions which plainly undercut his reasoning.

---

[4] As an administrative tribunal, the Board concluded it did not have jurisdiction to determine the constitutionality of a statute and declined to address the argument.

4

By inserting "original" before "order granting or denying benefits," and explicitly specifying subsequently entered orders granting or denying benefits after the initial award are not to be considered an "original order" for purposes of extending the statutory deadline, the legislature has removed any doubt about its intent following our decision in *Hall*. Thus, Slaughter's reliance on our prior holding is misplaced.

Further, in the 2018 amendment, the General Assembly included a new section, KRS 342.125(8), which specifies the time limitations set forth elsewhere in the statute are to be applied to "all claims irrespective of when they were incurred, or when the award was entered, or the settlement approved." In Section 20(2) of Kentucky House Bill 2 (2018 Ky. Acts ch. 40)—the Act containing the amendments at issue—the General Assembly expressly declared the newly amended version of KRS 342.125 to be

> remedial and shall apply to all claims irrespective of the date of injury or last exposure, provided that, as applied to any fully and finally adjudicated claim, the amount of indemnity ordered or awarded shall not be reduced and the duration of medical benefits shall not be limited in any way.

Thus, the General Assembly has made a declaration concerning retroactivity and the amended language of KRS 342.125 clearly applies to Slaughter's claim. Therefore, the CALJ correctly denied Slaughter's motion to reopen his claim as untimely.

For the foregoing reasons, the decision of the Court of Appeals is AFFIRMED.

All sitting. All concur.

5

COUNSEL FOR APPELLANT:

Wayne Charles Daub


COUNSEL FOR APPELLEE, TUBE TURNS:

Gregory Lonzo Little
Matthew Jason Zanetti
FERRERI PARTNERS, PLLC

Daniel Jay Cameron
Attorney General of Kentucky